## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | **Case:1:22-cv-03497** |
| | ) | |
| v. | ) | |
| | ) | |
| SWEETENER SUPPLY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, MICHAEL RAMSEY ("Plaintiff") in support of his Complaint against SWEETENER SUPPLY CORPORATION ("Defendant"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendants race discrimination and retaliation under Title VII and IHRA.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

6.     Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under the ADA.

7.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

9.     Plaintiff is an individual residing at 3311 West Flournoy Street, Chicago, IL 60624.

10.     Defendant operates a corporation at 9501 Southview Avenue, Brookfield, IL 60513, in which is in this judicial district:

11.     At all times relevant, Plaintiff was employed and worked at Defendant's Corporation located at 9501 Southview Avenue, Brookfield, IL 60513.

## BACKGROUND FACTS

12.      Plaintiff began working for Defendant as a maintenance worker on or about October 1, 2018.

13.      Since at least October 1, 2018 through June 1, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

14.     Plaintiff met or exceed Defendant's performance expectations during the entire

duration of her employment.

15.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

16.     Plaintiff was subjected to comments on a daily basis, by more than one co-worker, more than one manager, and a supervisor, such as "Nigger", "Nigga", and in a very sarcastic manner while laughing, "Why are you upset, does that word bother you"?

17.     In the fall of 2019, while Plaintiff was on a coffee break, he left his cup unattended for a couple of minutes, and when he returned someone had spit into his cup. Plaintiff reported the incident to a manager, and was ignored.

18.     On June 1, 2021, Plaintiff's boots were thrown into the trash by his co-workers. Plaintiff reported this to a manager, who ignored his complaint and was simply told, "Just go buy another pair of boots"!

19.     As soon as the Plaintiff was assigned to full time janitorial duties, his co-workers started urinating on the toilet seats, and the floors. His co-workers also starting throwing all of the trash onto the floors and not the garbage can. His co-workers also began putting noose-like hangers in his locker.

20.     This was an ongoing hostile work environment issue that management failed to address.

### <u>COUNT I</u>
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981**

21.     Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

22.      Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the

making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

23.      Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

24.      Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

25.      Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

26.      Plaintiff demands this count be tried by a jury.

## COUNT II
### Demand for Relief for Color-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

27.      Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

28.      By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

29.      Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

30.      As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

31.     By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

32.     Plaintiff demands that this count be tried by a jury.

## COUNT III
### Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")

33.     Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

34.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Illinois Human Rights Act (775 ILCS5/).

35.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Illinois Human Rights Act (775 ILCS5/).

36.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

37.     By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under IHRA.

38.      Plaintiff demands this count be tried by a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.     Back pay with interest;

b.     Payment of interest on all back pay recoverable;

c.     Compensatory and punitive damages;

d.     Reasonable attorneys' fees and costs;

e.     Award pre-judgment interest if applicable; and

f.      Award Plaintiff any and all other such relief as the Court deems just and

proper.

Dated this 6th day of July, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*